IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-11-BU-DWM-TJC |
| Plaintiff, | |
| | **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |
| vs. | |
| LEONARD LAVERNE EWALT, | |
| Defendant. | |

A petition filed in this case alleges that Defendant violated conditions of his supervised release.  Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc. 288.)

On November 28, 2023, the Court conducted the final revocation hearing. Defendant admitted all violations.  As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 8 months imprisonment, with no supervised release to follow.

I.      **Background**

In 2013, Defendant pled guilty to the offense of conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846.  (Doc. 31.)  On November 11, 2013, the Court sentenced him to 160 months imprisonment, to be followed by 60 months supervised release.  (Doc. 65.)  After a series of subsequent sentencing reductions, Defendant's sentence was ultimately

reduced to 82 months imprisonment. (Docs. 117, 146, 181.) Defendant began serving his original term of supervised release on June 7, 2019.

While under supervision, four different violation reports were submitted to the Court, as well as three prior revocation petitions. (Doc. 286 at 2-3.) Defendant's supervised release was previously revoked on two occasions. On June 3, 2021, Defendant was sentenced to 10 months imprisonment, followed by 48 months supervised release. (Doc. 256.) On May 4, 2023, Defendant was sentenced to time served of one day, and 24 months supervised release. (Doc. 284). In both instances, the Court delayed the revocation hearings to permit Defendant to participate in substance abuse treatment.

On June 1, 2023, the United States Probation Office filed the petition now at issue. (Doc. 286.) The petition alleges that Defendant violated three conditions of supervised release by associating with a convicted felon, attempting to use a device to evade a urinalysis test, and testing positive for methamphetamine. *Id.* Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 287.)

On November 14, 2023, Defendant made an initial appearance on the petition. Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. *Id.* The Court set the final revocation hearing for November 28, 2023. (Doc. 294.) Defendant was remanded to the custody of the United States Marshal Service pending the final revocation hearing.

## II.   **Final Revocation Hearing**

Defendant appeared at the revocation hearing represented by counsel.  The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to imposition of sentence.  After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing.  The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class A felony.  Under those circumstances, the statutory maximum sentence is 60 months incarceration, and the United States Sentencing Guidelines call for 5 - 11 months incarceration.  Defendant could also be sentenced to as much as 60 months supervised release, less any incarceration time imposed.

The Government requested a sentence of 11 months incarceration, with no supervised release to follow.  Defendant's counsel requested a sentence of 6 months, with no additional supervised release.  Due to Defendant's medical condition, counsel also requested that the Court recommend Defendant's placement at the Federal Medical Center, Rochester, Minnesota.

/ / /

### III.    Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked.  The Court should sentence Defendant to 8 months imprisonment, with no supervised release to follow.  No circumstances warrant a departure from the guideline range.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violation and the history and characteristics of the defendant. With respect to the latter, Defendant has a criminal history dating back to 1993. He has multiple drug convictions, as well as two prior convictions for domestic violence and a robbery conviction.

Defendant was originally sentenced to 160 months for this offense in 2014, but subsequently received three reductions in his sentence, and began his original term of supervised release in June 2019.  Since that time, Defendant has clearly demonstrated he is unable or unwilling to comply with the conditions of his supervision.  He has repeatedly violated those conditions, and several violation reports and revocation petitions have been filed with the Court.  With each report of violation and each petition for revocation, Defendant has been given the opportunity to bring himself in compliance with the conditions of his release, but

has failed to do so.  As a result, Defendant's supervised release has been revoked

on two prior occasions, and he is now facing his third revocation.

As to the nature of the present violation, this is a grade C violation.  While

the violations are not extensive, they are very similar to Defendant's prior

violations – all of which revolve around and appear related to his use of controlled

substances, particularly methamphetamine.  The Court has given Defendant

multiple opportunities in the past to correct this course of conduct, to no avail.

The undersigned has also considered the need for further programming or

correctional treatment.  Defendant has been on supervision for much of the last 4 ½

years, and has been offered the gamut of treatment and correctional programs that

are available through the United States Probation Office.  None appear to have had

a significant, long-term impact.  Further programming and correctional treatment

would not be beneficial.

After considering the above, the undersigned finds that a custodial sentence

is appropriate and a sentence within the revocation guidelines is warranted.  Given

the nature of the violations, a sentence of 8 months custody, with no supervised

release to follow, is sufficient, but not greater than necessary, to comply with the

purposes set forth in 18 U.S.C. § 3553(a).

/ / /

/ / /

## IV.   Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance.  He was also reminded that he has the right to appear and allocute before Judge Molloy prior to imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.     Defendant violated the Standard Condition that he not knowingly associate with a convicted felon without prior permission of the probation officer, by associating with Sada Gonzalez, a convicted felon, without permission from his probation officer.

2.     Defendant violated the Special Condition that he participate in substance abuse testing, including urinalysis testing, by attempting to use a device to pass off an unidentified yellow liquid as urine for testing on May 30, 2023.

3.     Defendant violated the Mandatory Condition that he refrain from unlawful use of a controlled substance, by submitting a urine sample that tested positive for methamphetamine on May 30, 2023.

Accordingly, **IT IS RECOMMENDED** that:

1.      The Court revoke Defendant's supervised release and sentence Defendant to 8 months imprisonment, with no supervision to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 28th day of November, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge